**E-Filed 11/14/2007**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| KELLY COX,<br><br>                Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>                Defendant. | Case Number CV 05-02610<br><br>ORDER[1] GRANTING PLAINTIFF'S MOTION FOR AUTHORIZATION OF ATTORNEY'S FEES PURSUANT TO 42 U.S.C. 406(b), SUBJECT TO EAJA OFFSETTING<br><br>[re: docket no. 15] |

## I. BACKGROUND

Plaintiff's attorney, Terry LaPorte, seeks attorney's fees of $3,269.00, pursuant to 42 U.S.C. § 406(b). For the reasons stated below, the motion will be granted.

## II. LEGAL STANDARD

Section 406(b) of the Social Security Act provides, in relevant part, that "whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an

---

[1] This disposition is not designated for publication and may not be cited.

1  attorney, the court may determine and allow as part of its judgment a reasonable fee for such
2  representation, not in excess of 25 percent of the total of the past-due benefits to which the
3  claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). The attorney's fees
4  are payable from funds withheld from a claimant's past-due benefits[2] by the Social Security
5  Administration for work performed by claimant's counsel on a claim for Title II benefits under
6  the Social Security Act.
7       In *Gisbrecht v. Barnhart*, the United States Supreme Court held that a district court must
8  review a petition for § 406(b) fees "as an independent check" to assure that contingency fee
9  agreements between Social Security claimants and their attorneys will "yield reasonable results in
10  particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807. Accordingly, the attorney for the
11  claimant "must show that the fee sought is reasonable for the services rendered." *Id.* In making
12  its determination, the district court should consider the character of representation and results
13  achieved. *Id.* at 808. An award of § 406(b) fees is offset by any award of attorney's fees granted
14  under the Equal Access to Justice Act (EAJA). *Id.* at 796.
15
16  ### III.  DISCUSSION
17
18       Plaintiff's attorney, Terry LaPorte, seeks § 406(b) fees of $3,269.00. This amount is in
19  addition to the $5,300.00 allowed by the Administrative Law Judge who approved the fee
20  agreement between Plaintiff and Mr. LaPorte. Together, these amounts constitute $8,569.25,
21  which represents the full 25% of the past due Social Security disability benefits paid on
22  plaintiff's account. EAJA fees of $2,450.00 previously were awarded on December 13, 2005.
23  Accordingly, Mr. LaPorte is entitled to a fee award of $3,269.00, reduced by the amount of
24  EAJA fees previously awarded. Accordingly, the net fee to be paid to Plaintiff's counsel is
25  $819.00.
26  ――――――――――
27      [2]"Past-due benefits" are the total amount of benefits payable under title II of the Act that
has accumulated because of a favorable administrative or judicial determination or decision, up
28  to, but not including, the month the determination or decision is made. 20 C.F.R. § 404.1703.

**IV.  ORDER**

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion for authorization of attorney's fees pursuant to 42 U.S.C. § 406(b) is GRANTED. The additional sum of $819.00 is to be paid to counsel for Plaintiff.

DATED: November 14, 2007

_____
JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons:

2  Terry LaPorte
   terry@terrylaporte.com

3

4  Sara Winslow
   sara.winslow@usdoj.gov

5  Shea Lita Bond
   Shea.bond@ssa.gov

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No. CV 05-02610
ORDER GRANTING PLAINTIFF'S MOTION FOR FEES
(JFEX1)